STATE OF WEST VIRGINIA

**FILED**
May 24, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LANE W. HALL,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0630**  (BOR Appeal No. 2050127)
(Claim No. 2012026135)

**ALCON/OMEGA,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lane W. Hall, by Edwin Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alcon/Omega, by T. Jonathan Cook, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 1, 2015, in which the Board affirmed a December 10, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 3, 2013, decision denying Mr. Hall's request to reopen his claim for further consideration of temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hall sustained a compensable lumbar strain/sprain on April 10, 2011, when repeatedly climbing a ladder while servicing a gantry crane. He is currently requesting that his claim be reopened for further consideration of temporary total disability benefits. However, on September 20, 2013, Mr. Hall completed an Application for Sickness and Accident Benefits provided by Alcon in which he attributed his current condition to a prior occupational injury that occurred on June 20, 2004. Six days later, a reopening application for further consideration of temporary total disability benefits was completed by Mr. Hall and Michael Shramowiat, M.D.

The reopening application lists the initial date of injury as April 10, 2011, and indicates that Mr. Hall has suffered a progression or aggravation of the initial injury. Dr. Shramowiat listed Mr. Hall's current diagnoses as a lumbar strain, lower back pain, and radiculopathy. He indicated that Mr. Hall has experienced an exacerbation of his prior lower back pain with radiation into the right lower extremity. Dr. Shramowiat then stated that Mr. Hall was temporarily totally disabled from September 16, 2013, through October 28, 2013. Further, Mr. Hall testified in a deposition that although he has always experienced lower back pain which radiates into his right leg, on September 16, 2013, he experienced increased pain when climbing a ladder while servicing a gantry crane. On October 3, 2013, the claims administrator denied Mr. Hall's request to reopen his claim for further consideration of temporary total disability benefits.

The evidence of record clearly indicates that Mr. Hall has been receiving ongoing treatment for lower back pain following an injury that occurred on June 20, 2004. Approximately four months after the June 20, 2004, injury, he was diagnosed with degenerative disc disease and a herniated disc at L4-5. At the time of the April 10, 2011, injury Mr. Hall was receiving ongoing treatment from Dr. Shramowiat for lower back pain.

On June 19, 2012, Paul Bachwitt, M.D., performed an independent medical evaluation. He opined that Mr. Hall has reached maximum medical improvement with respect to the April 10, 2011, injury. Additionally, Jerry Scott, M.D., performed an independent medical evaluation on June 30, 2014. After reviewing Mr. Hall's medical record, he opined that Mr. Hall's current disability arises from secondary conditions which pre-existed the April 10, 2011, injury. In particular, Dr. Scott noted that Mr. Hall's current complaints are very similar to those he reported prior to the April 10, 2011, injury.

In its Order affirming the October 3, 2013, claims administrator's decision, the Office of Judges held that Mr. Hall has failed to establish that he suffered an aggravation or progression of a compensable injury which has rendered him temporarily totally disabled. In its Order dated June 1, 2015, the Board of Review affirmed the reasoning and conclusions of the Office of Judges. On appeal, Mr. Hall asserts that the evidence of record clearly demonstrates that he was rendered temporarily totally disabled as a result of an aggravation or progression of the April 10, 2011, back injury.

West Virginia Code § 23-5-3 (2009) provides that in order to be eligible for a reopening of a claim, the claimant must demonstrate that a progression or aggravation of a compensable condition has occurred or, in the alternative, that a fact or facts not previously considered and which would entitle him to greater benefits than those already received exist. As was noted by the Office of Judges, the only diagnosis which is currently compensable is a lumbar sprain/strain. Further, the Office of Judges noted that Mr. Hall has been receiving ongoing treatment for lower back pain, including treatment for a herniated lumbar disc, following an injury which occurred in 2004. In particular, the Office of Judges found that in an office visit with Dr. Shramowiat less than one year before the April 10, 2011, injury, Mr. Hall reported that climbing ladders aggravates his symptoms. The Office of Judges placed particular significance upon this finding because climbing ladders is the same mechanism of injury which Mr. Hall alleges aggravated his April 10, 2011, injury on September 16, 2013. Further, the Office of Judges found that in his

application for benefits dated September 20, 2013, Mr. Hall attributed his current condition to the June 20, 2004, occupational injury rather than the April 10, 2011, compensable lumbar sprain which is the subject of the instant appeal. Finally, the Office of Judges concluded that if an aggravation of progression of an injury occurred, the evidence of record demonstrates that the conditions affected were those that pre-existed the April 10, 2011, injury rather than the compensable lumbar sprain. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 24, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

3